UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES OLLIE KENNON, JR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:16-cv-01951-AC <br><br><br> ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on November 17, 2012 and for supplemental security income on February 8, 2013. Administrative Record ("AR") 20.[2] The disability onset date for both applications was alleged to be February 7, 2012. Id. The applications were disapproved initially and on reconsideration. Id. On July 29, 2014, ALJ Carol L. Buck presided over the video hearing on plaintiff's challenge to the disapprovals. AR 50-77 (transcript). Plaintiff was present by video and testified at the hearing. AR 20. Plaintiff was represented by attorney John R. Heard. Id. Also present was Christopher C. Salvo, an impartial Vocational Expert. Id.

On March 3, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 20-35 (decision), 36-39 (exhibit list). On June 29, 2016, after receiving counsel's Representative Brief, Medical Records from Ampla Health dated July 14, 2012, and Medical Records from Ampla Health dated January 17, 2014 as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7 (decision).

Plaintiff filed this action on August 18, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 9, 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on January 16, 1966, and accordingly was 46 years old on the alleged disability onset date, making him a "younger person" under the regulations. AR 31; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate

---
[2] The AR is electronically filed at ECF Nos. 13-3 to 13-22 (AR 1 to AR 1701).

in English. AR 31.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

4

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since February 7, 2012, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.)
>
> 3. [Step 2] The claimant has the following severe impairments: depression/mood disorder, anxiety, degenerative disc disease, fibromyalgia, carpal tunnel syndrome, obesity, diabetes with neuropathy in upper and lower extremities, sleep apnea, and attention deficit hyperactivity disorder (ADHD) (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range light and sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can stand and/or walk for two hours in an eight-hour work day and sit for about six hours in an eight-hour work day. He is able to shift from sitting to standing every one hour. He is able to lift 20 pounds occasionally, ten pounds frequently. The claimant[] is not able to push and/or pull using foot controls. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. He must avoid climbing ladders, ropes, and scaffolds, and he must avoid

concentrated exposure to extreme heat. The claimant must avoid even moderate exposure to workplace hazards such as heavy machinery and heights. The claimant requires a hand-held assistive device for ambulation on uneven terrain or for long distance ambulation. He is limited to unskilled work and is limited to less than occasional contact (minimal or no contact) with the public.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born on January 16, 1966 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 7, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 22-32.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 32.

## VI. ANALYSIS

Plaintiff alleges the ALJ erred by: (1) improperly relying on the Medical-Vocational Guidelines at step five in light of plaintiff's non-exertional limitations, and (2) failing to consider plaintiff's work history as part of his credibility assessment. ECF No. 14 at 4.

////

////

A. The ALJ Improperly Failed to Obtain Vocational Expert Testimony

The ALJ erred in failing to consider Vocational Expert testimony at step five in light of plaintiff's non-exertional limitations. When a claimant is able to demonstrate that he suffers from a severe impairment that prevents him from doing past work, the burden shifts to the Commissioner who must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, in light of the claimant's residual functional capacity, age, education, and work experience. 20 CFR § 404.1560(b)(3). "There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Tackett v. Apfel, 180 F.3d 1094, 1100–01 (9th Cir. 1999).

The Ninth Circuit has explained the distinction between use of a Vocational Expert and use of the Medical-Vocational Guidelines as follows:

> (a) Vocational Expert.
>
> At step five, the ALJ can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy. At the hearing, the ALJ poses hypothetical questions to the vocational expert that "set out all of the claimant's impairments" for the vocational expert's consideration. Gamer v. Secretary of Health and Human Servs., 815 F.2d 1275, 1279 (9th Cir.1987). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. See id. at 1279–80. The vocational expert then " 'translates [these] factual scenarios into realistic job market probabilities' by testifying on the record to what kinds of jobs the claimant still can perform and whether there is a sufficient number of those jobs available in the claimant's region or in several other regions of the economy to support a finding of 'not disabled.' " Desrosiers, 846 F.2d at 578 (Pregerson, J., concurring) (internal citations omitted.)
>
> (b) Medical–Vocational Guidelines.
>
> In some cases, it is appropriate for the ALJ to rely on the Medical–Vocational Guidelines to determine whether a claimant can perform some work that exists in "significant numbers" in the national economy. The Medical–Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment. See 20 C.F.R. pt. 404, subpt. P, app 2.
>
> The Guidelines present, in table form, a short-hand method for

> determining the availability and numbers of suitable jobs for a claimant. These tables are commonly known as "the grids." The grids categorize jobs by their physical-exertional requirements and consist of three separate tables - one for each category: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." 5 20 C.F.R. pt. 404, subpt. P, app. 2, rule 200.00. Each grid presents various combinations of factors relevant to a claimant's ability to find work. The factors in the grids are the claimant's age, education, and work experience. For each combination of these factors, e.g., fifty years old, limited education, and unskilled work experience, the grids direct a finding of either "disabled" or "not disabled" based on the number of jobs in the national economy in that category of physical-exertional requirements. See id.
>
> This approach allows the Commissioner to streamline the administrative process and encourages uniform treatment of claims. See Heckler v. Campbell, 461 U.S. 458, 460–462, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing the creation and purpose of the Medical–Vocational Guidelines).

Tackett, 180 F.3d at 1101.

When the grids precisely match the claimant's qualifications, "the guidelines direct a conclusion as to whether work exists that the claimant could perform." Heckler v. Campbell, 461 U.S. 458, 462 (1983). When the grids do not match the claimants qualifications, the ALJ can either (1) use the grids as a framework and make a determination of what work exists that the claimant can perform, see Soc. Sec. Ruling 83-14, 1983 WL 31254 (S.S.A.), or (2) rely on a vocational expert when the claimant has significant non-exertional limitations. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 577 (9th Cir. 1988).

Here, the ALJ recognized that the grids did not precisely match plaintiff's qualifications, and she accordingly used the grids as a framework and made a determination that work existed that plaintiff could perform. AR 31-32. Use of the grids as a framework may be permissible, in certain circumstances, with or without vocational expert testimony. Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir. 1989). Plaintiff accordingly misses the mark to the extent he relies on principles forbidding ALJ reliance on the grids alone as dispositive, without further analysis of the claimant's restrictions and available jobs. See e.g., Tackett, supra (reversing where ALJ applied grids although claimant had significant non-exertional limitations).

Nonetheless, the court agrees with plaintiff that vocational expert testimony was necessary

in this case. The ALJ's use of the grids as a framework here, in light of the record before the court, does not constitute (or equate to) substantial evidence that jobs exist in significant numbers in the national economy that plaintiff can perform. First, the ALJ stated without explanation that plaintiff's limitations did not significantly affect the occupational base of light work. AR 31. The ensuing discussion involves sedentary work. Id. The ALJ then states a conclusory finding that plaintiff could, even with his exertional and non-exertional limitations, sustain full-time work. Id. The ALJ's citation to SSR 85-15 is insufficient to support the decision, because she does not make explicit how the regulation relates to plaintiff's particular limitations. See Allen v. Barnhart, 417 F.3d 396, 405-406 (9th Cir. 2005).

Finally, the ALJ identifies two jobs that are sedentary, unskilled, and not inconsistent with plaintiff's limitations. AR 32. However, the Commissioner "may base a finding of 'not disabled' on the fact that a claimant can performs *some*, although not all, light [or sedentary] work only if such a finding is supported by both the medical evidence *and* the testimony of a vocational expert." Desrosiers, 846 F.2d at 580 (Pregerson, J., concurring) (emphasis in original). To support such a finding, a vocational expert must provide testimony as to whether the claimant can perform *enough* jobs in the national economy to warrant a finding of not disabled. Id.

In short, because the grids do not fully capture plaintiff's limitations as found by the ALJ, and because of plaintiff's mix of exertional and non-exertional limitations, testimony from a vocational expert would have been appropriate. See Tackett, 180 F.3d at 1103-04. Although the undersigned does not find that such testimony is required whenever the grids are used as a framework, the ALJ here did not adequately support the finding of non-disability in the absence of such testimony. Accordingly, the testimony of a vocational expert should be considered on remand.

B. The ALJ Properly Evaluated Plaintiff's Credibility

The ALJ found that plaintiff's statements regarding the "intensity, persistence and limiting effects" of both his mental health symptoms and physical pain were "not entirely credible." AR 26. The ALJ based her credibility assessment on the "lack of medical support for many of the claimant's complaints." AR 23.

Evaluating the credibility of a plaintiff's testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

Plaintiff does not directly challenge the ALJ's ultimate assessment of his credibility or the finding that his testimony is inconsistent with the medical record. Rather, he contends that the ALJ was required to consider his "stellar work history" as part of her credibility determination. The authorities cited by plaintiff do not support his proposition. SSR 96-7p has been superseded (and does not in any case contain a "work history" requirement), and SSR 96-8p provides that an ALJ must consider "[e]vidence from attempts to work" as part of an RFC assessment. This does not establish a requirement that work history be considered with respect to a claimant's credibility. The out-of-circuit cases cited by plaintiff (ECF No. 14 at 23) do not alter the court's conclusion that the ALJ was not required to address plaintiff's work history in the credibility analysis. Finally, plaintiff fails to argue harm resulting from the ALJ's failure to consider his work history. None is apparent.

Because the ALJ identified a clear, specific and permissible basis for her credibility determination, it does not provide grounds for reversal.

10

C. Remand for Benefits or for Further Proceedings

As discussed above, the ALJ erred by failing to use a Vocational Expert at step five. That error was not harmless, because a Vocational Expert may have reached a different conclusion regarding job availability for the plaintiff in light of all of his limitations.

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Here, further factual development is needed to determine what work, if any, is available to plaintiff. For this reason, the matter is reversed and remanded to the Commissioner for further factual development.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: December 18, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE